Good morning, your honors. My name is John Garland. I represent the appellant Kenneth Dowai. I would like to inform the court that I would request two minutes for rebuttal. Mr. Dowai's challenge is the sufficiency of the evidence with respect to both counts charged in the indictment. I believe it is appropriate to review first the evidence as to count two, which was assault resulting in serious bodily injury. You know, one thing, I don't understand you very well, and I think it's because your voice drops. That doesn't do what you think it does. It records, but it doesn't magnify. It doesn't amplify. I'm sorry, your honor. No problem. I believe that it's appropriate to review the sufficiency of the evidence with respect to count two first, and that is the charge of assault resulting in serious bodily injury. If the court finds that that evidence is lacking, that will necessarily result in a reversal of count one as well, which is assault with a dangerous weapon. With respect to count two, the jury was instructed that serious bodily injury means bodily injury which involves extreme physical pain. As pointed out in the brief, the only evidence that the government presented with respect to the injury was the videotape of the fight itself and then a few photographs of Mr. Capilio, which were taken immediately after the fight. The government presented no evidence regarding the injuries that Mr. Capilio allegedly sustained, nor any medical treatment that he was given as a result of this fight. And Mr. Capilio did not testify. But in the jury, looking at that, what would they see? Looking at the tape? Yes. They would see a fight between two inmates. And there's no question that the tape accurately depicted the fight, which involves the stomping and fists and kicking with the feet. That is correct. But there was absolutely no evidence presented with regard to pain that Mr. Capilio may have had. No pain at all was ever discussed. The only other witness to the fight was a correctional officer who did not even state that Mr. Capilio appeared to be in pain or that he stated that he was in pain. Does it cause you any problem that cases say that the facts and reasonable inferences from those facts are questions for the tri-fact? Yes, Your Honor. The jury is to determine whether or not those elements have been met. And I believe the government's position is that just viewing the fight itself and the activities of Mr. Doeway after Mr. Capilio was laying on the ground, apparently unconscious, he was not moving, that the jury could infer that he suffered extreme physical pain. The appellant's position is he may have suffered pain, but there's no evidence at all as to what extent that pain was. We don't even have Mr. Capilio stating that he had severe pain. And because of that, I believe that the conviction on Count 1, the assault with a dangerous weapon, also would fail because the government's position on that charge is that the assault in fact resulted in serious bodily injury, therefore the foot or feet of Mr. Doeway were dangerous weapons. However, if there is no, in fact, finding of serious bodily injury, there was no evidence presented that the foot or feet were capable of committing serious bodily injury. I believe the brief clearly identifies the issues and reviews the evidence, which basically is a lack of evidence with respect to both those counts. In United States v. Riggins, the court did say that a object does not need to be dangerous per se in order to be a dangerous weapon. And in that case, the defendant actually used a shoe and a belt to strike a 2-year-old child. And in that case, they also had evidence from a medical practitioner that the injuries were serious bodily injuries. But again, in this case, we have nothing from anyone, including the victim or Mr. Capilio, to indicate whether or not he had suffered extreme physical pain. If the court finds that the evidence is sufficient to support the verdicts, then Mr. Doeway contends that the 96-month sentence imposed by the district court was unreasonable. And again, I believe the brief accurately reflects what was presented in the pre-sentence report to the court, the statements made by Mr. Doeway with regard to his acceptance of responsibility and his remorse for having gone too far in this fight with a fellow inmate. But I believe the court overlooked the parsimony provision of 18 U.S.C. 3553, which indicates that the court shall impose a sentence that is sufficient but not greater than necessary to comply with the sentencing purposes set forth in 3553A, subsection 2. I believe that Mr. Doeway's request for an 84-month sentence, which was the bottom of the applicable guideline range, was a more reasonable sentence and that the court's imposition of a 96-month sentence disregarded the parsimony provision of the 18 U.S.C. 3553A. And with that, I... Thank you. Thank you. Do you have some time for a rebuttal? Yes, Your Honor. Kevin Rooney on behalf of the United States. With regard to the question of whether or not there was serious bodily injury, the district court limited the jury's consideration as to whether or not there was a extreme physical pain. And what the video showed, and it's a digital recording to be more accurate, what it showed was six kicks to the man's head. They were... The video is very, very clear if the court views it. Several of them were what I would characterize as a free kick in soccer, a full step in, wind up, just brutal blows to the head. Two of those kicks were so powerful that the man's body spun on a floor 90 degrees. His body spun like the hands on a clock. There was a downward stomp to the man's face. There were four punches to the man's face. He was unconscious. He was bleeding from the nose. He had the imprint of a tread mark from a sneaker on his forehead. And I think that certainly within the jury's capacity, the jury's understanding to reasonably conclude that when this man recovered consciousness, he was going to be in extreme physical pain. I just don't see any way to dispute that. With regard to the allegation that the defendant's feet constituted a dangerous weapon, the definition is very clearly set out in this Court's cases. It's whether it's capable, not whether it does or not, whether it's capable of inflicting serious bodily injury or likelihood of death. And I think, and again, the jury could very easily conclude kicking a man in the head forcefully and repeatedly made that this defendant's feet into a dangerous weapon. Finally, with regard to parsimony, with regard to the reasonableness of the sentencing, the guideline range was 84 to 105 months. The pre-sentence report recommended 105 months. The district court characterized the assault as absolutely brutal. This is a district court's words, absolutely brutal and uncalled for. But he still sentenced the defendant only to the lower end of the guideline. I'm happy to answer any of the Court's questions, but I think I've addressed what I need to address. I think it's a relatively straightforward case. Kagan. Pierce, there's no questions. Thank you. Thank you. Your Honor, I have no rebuttal. I will submit it. Thank you. Thank you. Thank both counsel for coming today and for your argument. The case of United States of Rooney v. DeWaay is submitted.
judges: Farris, Noonan, McKeown